UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONY LAMAR CARD,

                Plaintiff,

    v.

RAVI SUBRAMANIAN,

                Defendant.

CASE NO. 3:24-CV-5933-TMC

REPORT AND RECOMMENDATION

Noting Date: December 6, 2024

        The District Court has referred Plaintiff Tony Lamar Card's pending Application to Proceed *In Forma Pauperis* ("IFP") and proposed complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 11-22. On November 8, 2024, Plaintiff filed a proposed civil complaint and an application to proceed *in forma pauperis* ("IFP"), that is, without paying the filing fee for a civil case. *See* Dkts. 1; 1-1.

        In determining whether IFP should be granted in this case, the Court has reviewed the proposed complaint and finds Plaintiff has failed to state a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Therefore, the Court recommends this case be dismissed with prejudice and the Application to Proceed IFP (Dkt. 1) be denied.

REPORT AND RECOMMENDATION - 1

1    **Review of the Proposed Complaint.** The Court has carefully reviewed the proposed
2    complaint in this matter. Because Plaintiff filed this complaint *pro se*, the Court has construed
3    the pleadings liberally and has afforded Plaintiff the benefit of any doubt. *See Karim-Panahi v.*
4    *Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

5    In his proposed complaint, Plaintiff names Ravi Subramanian, the Clerk of Court of the
6    Western District of Washington, as the sole defendant. Dkt. 1-1. While unclear, Plaintiff appears
7    to allege Mr. Subramanian sent documents to Plaintiff that were not signed in a judicial capacity
8    and did not include a court seal. *Id*.

9    **Sua Sponte Dismissal.** The district court may permit indigent litigants to proceed IFP
10   upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the Court
11   must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory
12   screening and order the *sua sponte* dismissal of any case that is "frivolous or malicious," "fails to
13   state a claim on which relief may be granted," or "seeks monetary relief against a defendant who
14   is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d
15   845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to
16   prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28
17   U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP
18   complaint that fails to state a claim). An IFP complaint is frivolous if "it ha[s] no arguable
19   substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir.
20   1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*,
21   745 F.2d 1221, 1228 (9th Cir. 1984).

22   Furthermore, a federal court may dismiss a case *sua sponte* pursuant to Fed. R. Civ. P. 12
23   (b)(6) when it is clear that the plaintiff has not stated a claim upon which relief maybe granted.
24

1  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a
2  claim sua sponte under Fed. R. Civ. P. 12 (b)(6). Such a dismissal may be made without notice
3  where the claimant cannot possibly win relief."); *see also Mallard v. United States Dist. Court*,
4  490 U.S. 296, 307-08 (1989) (noting there is little doubt a federal court would have the power to
5  dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision).

6  Mr. Subramanian, the sole defendant named in this case, has immunity. "Court clerks
7  have absolute quasi-judicial immunity from damages for civil rights violations when they
8  perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Ct. for Dist.*
9  *of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987); *see also Sharma v. Stevas,* 790 F.2d 1486 (9th
10 Cir. 1986) (Clerk of United States Supreme Court had absolute quasi-judicial immunity under
11 Federal Tort Claims Act because his acts were an integral part of the judicial process). Plaintiff
12 alleges Mr. Subramanian did not send legal documents that were properly signed and did not
13 include a court seal. Dkt. 1-1. As the actions giving rise to his proposed complaint are related to
14 the judicial process, Mr. Subramanian has absolute quasi-judicial immunity from this suit.
15 Therefore, the proposed complaint should be dismissed as frivolous and for failure to state a
16 claim.

17 **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defect, a
18 *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend
19 prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In
20 this case, any attempt by Plaintiff to amend the proposed complaint would be futile. As such, the
21 Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

22 **Decision on Application to Proceed IFP.** A district court may deny leave to proceed
23 IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous

or without merit. *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998); *Tripati v. First Nat'l Bank & Trust*, 821 F. 2d 1368, 1370 (9th Cir. 1987). The proposed complaint is frivolous and entirely without merit. Based upon the above analysis of the deficiencies in the proposed complaint, the Court recommends denying Plaintiff's Application to Proceed IFP (Dkt. 1).

**IFP on Appeal.** In the event that Plaintiff appeals any order entered in this case and/or appeals dismissal of this case, IFP status should be denied by this Court, without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

**Conclusion.** For the above stated reasons, the undersigned recommends Plaintiff's Application to Proceed IFP (Dkt. 1) be denied, this case be dismissed with prejudice as frivolous and for failure to state a claim, and any IFP status on appeal be denied without prejudice to Plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed IFP.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 6, 2024**.

Dated this 15th day of November, 2024.

David W. Christel
United States Magistrate Judge